UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DISTRICT

**TYRECUS J. CROWE**                                                           **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 1:22-cv-70-BJB**

**SEAN LAFERTE ALBERT et al.**                                        **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Tyrecus J. Crowe initiated this *pro se* civil-rights lawsuit, which he filed on the Court's complaint form for cases brought under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court dismisses the lawsuit.

### I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee, sues FBI Special Agent Sean Laferte Albert, United States Magistrate Judge H. Brent Brennenstuhl, Chief Judge Greg N. Stivers of the United States District Court for the Western District of Kentucky, Plaintiff's retained counsel John Caudill and Matthew J. Baker, and Assistant United States Attorney (AUSA) Mark J. Yurchisin. Plaintiff specified that he sued each Defendant in his individual capacity. Complaint at 2.

Plaintiff alleges that on August 30, 2020, Special Agent Albert forged documents and the signatures of Magistrate Judge Brennenstuhl and Chief Judge Stivers. He further alleges that on September 8, 2020 Special Agent Albert "stole" Plaintiff's company's truck after stating that he would obtain a search warrant "in the near future." Plaintiff further alleges that on that date, Special Agent Albert filed a document stating that he had permission from Magistrate Judge

Brennenstuhl to enter Plaintiff's home "illegally," even though the attached warrant states that the "execution date" was August 31, 2020. According to the complaint, Baker (Plaintiff's attorney) told Plaintiff that the document also falsely stated that Baker had given the agent permission to "'add'" cars to the property seized by the FBI.

Plaintiff further alleges that Magistrate Judge Brennenstuhl and Chief Judge Stivers violated his constitutional rights in the course of the federal criminal proceedings against him, that they knew about "subordinate [un?]constitutional conduct," and that they had known about the "forged" documents since the beginning of his case. All of this adds up to "a 'conspiracy' between all parties" in Plaintiff's view.

Finally, Plaintiff states that for two years his retained counsel Caudill and Baker refused to file motions he asked them to file. He further alleges that Caudill, Baker, and AUSA Yurchisin "forced me into a plea under duress by stating if I did not sign my mother would be sent to prison for about 29 years, I had all of 10 mins to sign."

Plaintiff asks for monetary and punitive damages, injunctive relief related to his criminal conviction ("Dismiss case, clear record, Give me my Right[s] back), and other relief ("Agent Fired[;] Attorney[s] sent under investigation [and] Judges too. Release from Illegal Detention").

## II. STANDARD OF REVIEW

When a prisoner sues a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When screening the complaint, the Court must construe it in the light most favorable to Plaintiff and accept well-pled allegations as true but has no obligation to accept "fantastic or delusional" allegations as true. *Hill v. Lappin*,

630 F.3d 468, 471 (6th Cir. 2010) (quotation omitted). And while a reviewing court liberally construes *pro se* pleadings, *see id.* at 471; *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. ANALYSIS

#### A. Claims against Special Agent Albert

Plaintiff alleges that Special Agent Albert violated his constitutional rights when he forged documents and "stole" his company's truck in August and September 2020.

In *Bivens*, the U.S. Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights," *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996), and caselaw interpreting § 1983 has in some respects been applied to *Bivens* suits. *Butz v. Economou*, 438 U.S. 478, 498-504 (1978).

Constitutional claims asserted under § 1983 and *Bivens* are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002).

Though the applicable statute of limitations is determined by state law, the date on which the statute of limitations begins to run is determined by federal law. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007). Generally "accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks, brackets, and citations omitted). A claim under § 1983 "accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)).

Here, the alleged unconstitutional actions of Special Agent Albert occurred in August and September 2020. It appears from the complaint that Plaintiff was aware of these actions at or near the time of the alleged unconstitutional behavior. Plaintiff's complaint was not filed until June 7, 2022, however. Therefore the claims against Special Agent Albert are time-barred. *See, e.g., Helm v. Eells*, 642 F. App'x 558, 563 (6th Cir. 2016).

### B. Claims against Chief Judge Stivers and Magistrate Judge Brennenstuhl

Plaintiff alleges that Chief Judge Stivers and Magistrate Judge Brennenstuhl violated his constitutional rights in the criminal case against him, knowing that documents had been forged and that "subordinates" had engaged in unconstitutional conduct.

These Defendants are immune from Plaintiff's lawsuit. Judges, including Magistrate Judges, are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Kipen v. Lawson*, 57 F. App'x 691, 691-92 (6th Cir. 2003) (discussing immunity of federal judges); *Alexander v. Carter*, No. 1:15-CV-69-HSM-SKL, 2018 WL 1124959, at *5 (E.D. Tenn. Mar. 1, 2018) ("Therefore, as Magistrate Judge Carter is entitled to absolute immunity from suit, Plaintiff's claims against him fail to state

4

a claim on which relief may be granted under § 1983 or *Bivens*."). Judicial immunity is an immunity from suit, not just immunity from the assessment of money damages, and it applies even when a judge is accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. It also serves to protect federal judges from injunctive relief. *Kipen*, 57 F. App'x at 691.

Judicial immunity from suit can be overcome in two situations: liability for non-judicial actions, *i.e.*, "actions not taken in the judge's judicial capacity," and "actions, though judicial in nature, which are taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Neither applies to this complaint, and Plaintiff does not contend otherwise. The Court, accordingly, dismisses these claims.

### C. Claims against Attorneys Caudill and Baker

Plaintiff's claims that his counsel refused to file motions in his criminal case and forced him into a plea deal fail to state a claim. "To state a claim under *Bivens*, a plaintiff must allege that a federal officer acted under federal law to deprive plaintiff of a constitutional right." *Cope v. Soc. Sec. Admin./Disability Determination Bd.*, No. 3:15-CV-P701-DJH, 2016 WL 379780, at *4 (W.D. Ky. Jan. 29, 2016) (citing *Bivens*, 403 U.S. at 389). A private attorney is not a federal actor for purposes of *Bivens*. *Id*. (citing *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). Accordingly, the Court dismisses Plaintiff's claims against his attorneys. The proper way for the Plaintiff to complain about his representation is through a motion in his ongoing criminal case or in a post-conviction collateral challenge—not by filing a separate civil suit during the pendency of his criminal case. *See generally Massaro v. United States*, 538 U.S. 500, 504–06 (2003); *United States v. Williams*, 527 F. App'x 457, 459 (6th Cir. 2013).

### D. Claim against AUSA Yurchisin

Plaintiff's claim that AUSA Yurchisin forced him into a plea deal under duress is barred by the doctrine of absolute immunity. Government attorneys are entitled to absolute immunity with regard to their actions in carrying out their role in the judicial process. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73, (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Noble v. United States*, 855 F. App'x 816, 821 (3d Cir. 2021) ("[P]rosecutorial immunity barred the [*Bivens*] clams brought against AUSA Piccinini."). The Court dismisses the claim against AUSA Yurchisin.

### E. Claims for Injunctive Relief

Plaintiff cannot challenge his pretrial custody by asking for injunctive relief (that is, release from custody) in this case.

This Court lacks any basis to interfere with Plaintiff's ongoing federal proceedings. *See, e.g.*, *Laster v. Boyle*, No. 3:21-CV-2525, 2022 WL 4086782, at *7 (N.D. Tex. Aug. 4, 2022) ("[B]ased on the same logic set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which held that federal courts may not stay or enjoin pending state court proceedings except under extraordinary circumstances, federal courts have refused to intervene or interfere with pending federal criminal proceedings."), *report and recommendation adopted*, No. 3:21-CV-2525, 2022 WL 4084429 (N.D. Tex. Sept. 6, 2022); *Deaver v. Seymour*, 822 F.2d 66, 68–70 (D.C. Cir. 1987) (denying injunction requested against ongoing federal criminal proceeding and noting "the traditional reluctance … of an equity court to interfere with criminal proceedings."). Plaintiff "has a federal forum in which to present his arguments[.] If he wants to litigate th[ose] claims raised in this complaint there, he can do so by filing the appropriate motion in the criminal action, and, if

unsatisfied, he may raise the issue on direct appeal or in a [habeas] motion under 28 U.S.C. § 2255." *Id*.

Moreover, Plaintiff's effort to seek an injunction to fire the offending agent fails. "'[A] real and immediate threat that' [harm] will occur in the future … is required for injunctive relief." *Kanuszewski v. Mich. Dep't of Health & Human Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983)). Plaintiff has not demonstrated that firing Agent Laferte could remedy an ongoing, as opposed to a past, harm.

## IV. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss this lawsuit.

Date: December 1, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
B213.009